IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TEAMSTERS LOCAL UNION NO. 541,**  ) <br> ) <br> **Plaintiff,**  ) <br> ) <br> **v.**  ) <br> ) <br> **APAC-KANSAS, INC.,**  ) <br> ) <br> **Defendant.**  ) <br> _____) | **CIVIL ACTION** <br><br> **No. 05-2507-KHV** |

**MEMORANDUM AND ORDER**

Teamsters Local Union No. 541 ("the Union") brings suit against APAC-Kansas, Inc. ("APAC") under Section 301 of the Labor Management Relations Act, 1947 as amended, 29 U.S.C. § 185, to enforce an arbitration provision contained in the parties' collective bargaining agreement. This matter is before the Court on Defendant APAC-Kansas, Inc.'s Motion To Dismiss Plaintiff Teamsters Local Union No. 541's Complaint To Compel Arbitration (Doc. #3) filed January 4, 2006 and Plaintiff's Motion For Sanctions Pursuant To Rule 11 Of The Federal Rules Of Civil Procedure (Doc. #7) filed February 6, 2006. For reasons stated below, the Court overrules both motions.

**I.     Motion To Dismiss**

   **A.     Legal Standards**

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court accepts all well-pleaded factual allegations in the complaint as true and

draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support its claims. See Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002). Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Defendant bears the burden to show that plaintiff cannot prove any set of facts which would entitle it to relief. See Litton v. Maverick Paper Co., 354 F. Supp.2d 1209, 1218 (D. Kan. 2005).

**B.     Facts**

Plaintiff alleges the following facts:

The Union and APAC, a construction company located in Overland Park, Kansas, are signatories to a collective bargaining agreement ("CBA") which governs the terms and conditions of certain drivers and mechanics who work for APAC. Complaint (Doc. #1) filed December 2, 2004 ¶¶ 6-7. Article XI of the CBA provides the following with respect to grievances:

> * * * If the dispute cannot be adjusted by those involved in same, it shall be taken up with members of the Employer having the contract on the jobs, and the Business Representative of the Union, but the work must proceed.
>
> If the dispute still exists the Employer or the Business Representative of the Union shall notify the Manager of the Heavy Constructors Association of the Greater Kansas City Area and a meeting shall be arranged by said Manager between the Business Representative of the Union and the Employer and a committee of not more than three (3) from the Labor Committee of The Heavy Constructors Association of the Greater Kansas City Area. At this meeting both the Union and the Employer shall be entitled to present all of the facts with reference to such controversy and after hearing such facts the Labor Committee shall make a recommendation with reference to settlement of such controversy. In the event the Union concurs in such recommendation the controversy shall be settled in

>    accordance therewith.  In the event the Labor Committee and Union do not agree on the recommendation for the settlement of said controversy, it shall be submitted to arbitration and the arbiter selected in accordance with the next succeeding paragraph hereof.
>
>    * * * Any decision on a grievance not appealed in writing from one step of the grievance procedure to the next, within seven (7) days after a decision is announced, shall be considered as having been finally settled to the mutual satisfaction of all parties concerned and not subject to further appeal.

Exhibit A to Complaint (Doc. #1).

On June 14, 2005, APAC terminated the employment of Gary Starcher, a union member. Complaint (Doc. #1) ¶ 8.  Starcher thereafter filed a grievance, claiming that his discharge was not for just cause and violated the CBA.  Id. ¶¶ 8-9.  The Union and APAC could not resolve the grievance, so the Union arranged for a hearing before the Labor Committee ("the Committee") of the Heavy Constructors Association of the Greater Kansas City Area ("the Association").  Id. ¶ 10.  Thereafter, on June 30, 2005, the Union sent APAC a letter which asked it to identify supervisors and other employees who had allegedly complained about Starcher's work performance.  Id. ¶ 11.  In that regard, the Union wanted to present facts regarding the alleged reason for termination to the Committee.  Id.  APAC did not respond to the Union's letter.  Id. ¶¶ 11, 13.

On September 14, 2005, the Committee held a hearing to address Starcher's grievance. Id. ¶ 12. On September 16, 2005, the Association informed the Union that the Committee had decided to deny Starcher's grievance.  Id. ¶ 14.  After receiving the Committee decision, Union president Jed Cope told David Blues and Jim Mangus, management representatives of APAC, that the Union believed that the hearing had not been a fair hearing, as the CBA required.  Id. ¶ 15.  Cope asked APAC to give the Union time to address and attempt to resolve the issue.  Id.  Blues agreed that APAC would waive the CBA time

limits regarding a demand for arbitration, so the Union could resolve its claim that the hearing had been unfair. Id. Cope thereafter discussed the Union position with Ed DeSoignie, Executive Director of the Association, and claimed that the hearing had been unfair because APAC had not responded to the Union's request for information regarding Starcher's discharge. Id. ¶ 16. DeSoignie responded that he would refer the matter to the Association attorney. Id.

On October 11, 2005, Blues told Cope that APAC would not provide the requested information because it was confidential. Id. ¶ 17. On October 12, 2005, the Union sent APAC a letter which demanded that it arbitrate the grievance challenging Starcher's discharge. Id. ¶ 18. APAC, however, has refused to arbitrate the matter. Id. ¶ 19.

**C.     Analysis**

APAC asserts that the Union has failed to state a claim because it does not allege that it complied with the CBA time requirements regarding arbitration. Specifically, APAC asserts that the Union's own allegations demonstrate that it did not comply with Article XI of the CBA, which allows only seven days to appeal in writing from one step of the grievance procedure to the next. Exhibit A to Complaint (Doc. #1). The Union does not allege that it appealed within seven days, so APAC contends that it fails to state a claim upon which relief may be granted.

The Union claims that APAC orally agreed to waive the seven-day time limit so that the Union could resolve its claim that the Committee hearing was unfair. In ruling on defendant's motion to dismiss, the Court must accept this allegation as true. Defendant has not shown as a matter of law that the parties could not modify the CBA by oral agreement. See Litton, 354 F. Supp.2d at 1218 (defendant bears burden to show that plaintiff cannot prove any set of facts which would entitle it to relief); see also Lewis

v. Tuscan Dairy Farms, Inc., 25 F.3d 1138, 1144-45 (2d Cir. 1994) (remand to determine whether parties orally amended CBA).  Accordingly, defendant has not shown that plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff asserts that defendant raises an issue of procedural arbitrability, which is a matter for the mediator – not the Court – to decide.  See Plaintiff's Suggestions In Opposition To Defendant's Motion To Dismiss Plaintiff's Complaint To Compel Arbitration (Doc. #5) filed January 10, 2006 at 3-8.  Plaintiff's position appears to be well taken.  See John Wiley & Sons v. Livingston, 376 U.S. 543, 556-59 (1964) (arbitrator to decide whether union followed CBA grievance procedure); Denhardt v. Trailways, Inc., 767 F.2d 687, 689-90 (10th Cir. 1985) (arbitrator to decide whether grievance procedure followed or waived); Int'l Ass'n of Fire Fighters, Local No. 3683, AFL-CIO v. S. Johnson County Volunteer Fire & Rescue, Inc., 5 F. Supp.2d 1230, 1234-35 (D. Kan. 1998) (arbitrator to decide whether union complied with CBA time and filing requirements).  A motion to compel arbitration, however, is not currently before the Court, but in any event, defendant has not shown that plaintiff has failed to state a claim on which relief may be granted.  Defendant's motion to dismiss is therefore overruled.

**II.   Motion For Sanctions**

Plaintiff asks the Court to impose sanctions under Rule 11, Fed. R. Civ. P., arguing that defendant's motion to dismiss is frivolous under binding precedent.

Rule 11 sets forth certain procedural requirements for parties seeking sanctions.  See Fed. R. Civ. P. 11(c)(1)(A); see also Aerotech, Inc. v. Estes, 110 F.3d 1523, 1528-29 (10th Cir. 1997).  The moving party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct that allegedly violates Rule 11(b).  See Fed. R. Civ. P. 11(c)(1)(A).  The moving

party must serve the motion on the opposing party. See id. If, after 21 days, the offending party does not withdraw the challenged conduct, the moving party may file its motion for sanctions with the court. See id. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory. Aerotech, 110 F.3d at 1529 (citing Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995)). These provisions are intended to provide a "safe harbor" against Rule 11 motions, so that a party will not be subject to sanctions unless, after motion, it refuses to withdraw a frivolous position or acknowledge that it does not currently have evidence to support a specified allegation. Advisory Committee Notes to 1993 Amendments, Fed. R. Civ. P. 11.

Here, plaintiff has not satisfied the Rule 11 safe harbor provision. Plaintiff states that before it filed its complaint, it sent defendant legal authority for its demand for arbitration. Plaintiff provides no evidence, however, that it served its motion for sanctions on defense counsel and gave counsel 21 days to withdraw the motion to dismiss. The Court therefore overrules plaintiff's motion for Rule 11 sanctions.

### III. Stay Of Proceedings

On March 27, 2006, Magistrate Judge James P. O'Hara entered an order which stayed all discovery pending resolution of defendant's motion to dismiss. See Doc. #12. In light of the rulings above, the Court lifts the stay and directs Judge O'Hara to promptly conduct a scheduling conference in the case.

**IT IS THEREFORE ORDERED** that Defendant APAC-Kansas, Inc.'s Motion To Dismiss Plaintiff Teamsters Local Union No. 541's Complaint To Compel Arbitration (Doc. #3) filed January, 4, 2006 and Plaintiff's Motion For Sanctions Pursuant To Rule 11 Of The Federal Rules Of Civil Procedure (Doc. #7) filed February 6, 2006 be and hereby are **OVERRULED.**

**IT IS FURTHER ORDERED** that the stay of discovery is lifted and Judge O'Hara shall

promptly conduct a scheduling conference in the case.

Dated this 13th day of April, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge
